IN THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

# NO. **15-12188-EE**

ARELIS NUNEZ,

Plaintiff/Appellant,

v.

J.P. MORGAN CHASE BANK, N.A., a Delaware Corporation,
MANUFACTURERS AND TRADERS TRUST COMPANY, a New York
Corporation, d.b.a. M and T Bank, BAYVIEW LOAN SERVICING LLC, a
Delaware Limited Liability Company,

Defendants/Appellees.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
_____

APPELLANT ARELIS NUNEZ'S REPLY BRIEF

Kimberly Sanchez Esq.
Fla. Bar. No. 17465
122 East Colonial Drive, Ste. 124
Orlando, Florida 32801
Telephone:  (407) 841-7777
Co-Counsel for Appellant Arelis
Nunez

Jeffrey N. Golant
Fla. Bar No. 0707732
The Law Offices of Jeffrey N. Golant, P.A.
1999 N. University Drive Ste. 213
Coral Springs, FL 33071
Telephone:  (954) 942-5270
Facsimile:   (954) 942-5272
Email: jgolant@jeffreygolantlaw.com
Co-Counsel for Appellant Arelis Nunez

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ...................................................................................... ii

ARGUMENT AND CITATIONS OF AUTHORITY ............................................ 1

I.     APPELLEES MISCHARACTERIZE THE RELEVANT ALLEGATIONS OF THE AMENDED COMPLAINT ................................ 1

II.    THE DISTRICT COURT WAS NOT FREE TO "DERIVE FACTS" FROM SOME OF THE ATTACHMENTS TO THE AMENDED COMPLAINT BY DISREGARDING OTHERS AND DRAWING INFERENCES THAT WERE ADVERSE TO THE NON-MOVING PARTY ........................................................................................................ 5

III.   EVEN IF APPELLANT'S ALLEGATIONS WERE CONCLUSORY, SHE STILL SHOULD HAVE BEEN ALLOWED TO AMEND IN ORDER TO CORRECT ANY DEFICIENCY ................................................ 7

IV.    BECAUSE THE DISTRICT COURT DISMISSED THE OPERATIVE COMPLAINT WITH PREJUDICE, IT WOULD NOT HAVE BEEN APPROPRIATE FOR APPELLANT TO HAVE FILED A PROPOSED SECOND AMENDED COMPLAINT. NEVERTHELESS, APPELLANT'S RELEVANT MOTION CLEARLY DID ADVISE THE DISTRICT COURT OF THE SUBSTANCE APPELLANT'S PROPOSED AMENDMENTS .................. 8

CONCLUSION ...................................................................................................... 10

CERTIFICATE OF COMPLIANCE ..................................................................... 12

CERTIFICATE OF SERVICE ............................................................................... 13

# **TABLE OF CITATIONS**

**Cases**

*Bank v. Pitt*,
  928 F.2d 1108 (11th Cir.1991) ...............................................................................8

*Franklin v. Minnesota Mutual Life Ins. Co.*,
  97 F. Supp. 2d 1324 (S.D. Fla. 2000) ....................................................................6

*Hunnings v. Texaco, Inc.*,
  29 F.3d 1480 (11th Cir.1994) ................................................................................6

*\*Long v. Satz*,
  181 F.3d 1275 (11th Cir. 1999) .........................................................................8, 9

*Wisdom v. First Midwest Bank*,
  167 F.3d 402 (8th Cir.1999) ..................................................................................9

*Ziemba v. Cascade Intern. Inc.*,
  256 F.3d 1194 (11th Cir. 2001) .........................................................................7, 8

**Rules**

Federal Rule of Civil Procedure 10(c) ............................................................. 5, 6, 7

Federal Rule of Civil Procedure 12(b)(6) .................................................................6

Federal Rule of Civil Procedure 15 ..........................................................................9

## ARGUMENT AND CITATIONS OF AUTHORITY

### (I.) APPELLEES MISCHARACTERIZE THE RELEVANT ALLEGATIONS OF THE AMENDED COMPLAINT

The district court's order dismissing the Amended Complaint with prejudice was based on the fundamentally incorrect proposition that, by cooperating with Appellant's efforts to vacate the foreclosure judgment and sale, Chase remedied all of the problems affecting her mortgage account following Chase's initial failure to honor the parties' loan modification agreement.  But that simply was not true, and no fair reading of the Amended Complaint, including *all* of the incorporated documents, would have yielded that conclusion. To the contrary, Appellant alleged that Chase continued to pursue improper collection activity, and even began the process of starting a second foreclosure on her home less than three months *after* the foreclosure was vacated.  Furthermore, the Amended Complaint incorporated correspondence from Chase demonstrating that after the foreclosure was rescinded, Chase threatened to bring a new foreclosure, insisting that Appellant had not paid her mortgage during the previous five years. (Docket Entry 24-4, p. 93).  Of course, this strongly supports Appellant's contention that, even after the foreclosure was unwound, Chase continued to fail to implement the loan modification.  The district's court's contrary conclusion that all of Chase's servicing errors were resolved when the foreclosure was rescinded was not supported by either the allegations of the Amended Complaint or the highly

probative corroborating evidence incorporated into the Amended Complaint by reference.

In an effort to profit from the district court's misunderstanding, Appellees now patently mischaracterize the relevant allegations of the Amended Complaint, repeatedly insisting that the Amended Complaint was "silent" as to whether Chase implemented the modification after the foreclosure sale was vacated.  (Bayview and M and T's Appellee Brief, pp. 24, 34).[1]  Appellees similarly insist that Appellant has "conced[ed]" that she failed to allege that Chase failed to implement the loan modification. *Id*. at p.15.   But nothing could be further from the truth. In Paragraph 30 of the operative Amended Complaint, Plaintiff unambiguously alleged that "… as the document attached hereto as Exhibits 'D' and 'F'[2] reflect, Chase continued to fail to honor the loan modification agreement, and continued to

---

[1] The actual mischaracterizations are found in the brief filed by Bayview and M and T, Chase adopts those mischaracterizations by reference.

[2] Exhibit D to the Amended Complaint consisted of Appellant's Second Notice of Error that she sent to Chase.  That Notice of Error incorporated a letter from Chase dated August 15th, 2014 warning Appellant that Chase intended to foreclose on her property because she purportedly "…failed to pay the required monthly installments commencing with the payment due July 1st, 2009." (Docket Entry 24-4, p. 93) Appellant . Similar letter dated July 16th and July 17th 2014 were also incorporated into the Amended Complaint. (Docket Entry 24-4, pp. 88-96)  The reference to Exhibit "F" was a clerical error, and should have referred to Exhibit "E" which was the second Notice of Error that Appellant sent to Chase on September 8th, 2014.  (Docket Entry 24-5, pp. 99 -100). In her second Notice of Error,  Appellant explains that despite having cooperated with her efforts to rescind the foreclosure,  Chase resumed collection activity against Plaintiff even though she fully complied with her obligations under the loan modification agreement.

2

pursue foreclosure and collection activity for the entire time it serviced Plaintiff's loan." (Docket Entry 24, p. 63). Thus, Appellant certainly did allege that Chase's servicing errors that led to the original wrongful foreclosure remained unresolved *after* the foreclosure was vacated. Appellant also alleged that she appropriately notified Chase, Bayview, and M and T of the ongoing problems, but neither appropriately responded. Appellant went even further and incorporated extensive documentation supporting her allegations into her Amended Complaint. But now, Chase, Bayview, and M and T baselessly insist that these allegations and documents never existed.[3] It appears that, when it dismissed the action with prejudice, the district court inappropriately accepted defense counsel's factual representations concerning the status of Appellant's mortgage loan account instead of relying on the four corners of the Amended Complaint. Now, Appellees resort to similar improper argument in the hopes that this Court will do the same.

---

[3] Bayview and M and T also incorrectly state that there had been two prior versions of the complaint, and that the district court found that a prior version was "deficient." (Bayview and M and T Appellee Brief, p. 35). But this is also false. There had only been one prior version of the complaint, and Appellant amended that version as a matter of course under Federal Rule of Civil Procedure 15(a)(1). The claims asserted against Chase were substantially the same in both the initial Complaint and the Amended Complaint, except Appellant joined Bayview and M and T as defendants in the amended version. Since the initial Complaint was amended as a matter of course, the district court never found that the initial Complaint was not sufficiently pled. Accordingly, Appellant had no advance notice that the district court would construe her complaint as alleging that Chase's servicing errors had been fully corrected until it entered its order dismissing her Amended Complaint with prejudice.

3

As the district court correctly noted in the dismissal order, the foreclosure was rescinded by May 14th, 2014. (Docket Entry 44, p. 3, n-2). However, the exhibits incorporated into both the Amended Complaint and Appellant's Notices of Error demonstrate that in July and August of 2014 Chase once again threatened Appellant with *another* foreclosure incorrectly insisting that she hadn't paid her mortgage since July 1st, 2009. (Docket Entry 24-4, p. 93-95; pp. 88-96). Appellant responded by sending a second Notice of Error, through counsel, dated September 8th, 2014, notifying Chase that the errors that led to the May foreclosure were still not corrected. (Docket Entry 24-4, pp. 99 -100). Obviously, the correspondence from July, August and September of 2014 necessarily came *after* the rescission of the foreclosure in May of the same year. (Docket Entry 44, p. 3, n-2).

Thus, notwithstanding Appellees' baseless assertions to the contrary, Appellants certainly *did* allege that Chase failed to implement the loan modification following the rescission of the foreclosure sale. Appellant went even further and incorporated compelling evidence into both the second Notice of Error that she sent to Chase, as well as the operative Amended Complaint, substantiating these allegations. It is a source of great personal frustration for the undersigned that notwithstanding these unambiguous allegations and compelling supporting documentation, the district court found that Appellant's ordeal ended in May 2014.

4

Similarly, Appellees' baseless and misleading characterization of the substance of the operative Amended Complaint is equally frustrating.

### (II.) THE DISTRICT COURT WAS NOT FREE TO "DERIVE FACTS" FROM SOME OF THE ATTACHMENTS TO THE AMENDED COMPLAINT BY DISREGARDING OTHERS AND DRAWING INFERENCES THAT WERE ADVERSE TO THE NON-MOVING PARTY

Appellees advance the novel proposition that the district court appropriately "derived facts" from the attachments to the Amended Complaint. In support of their contention that judicial fact finding on a motion to dismiss is somehow appropriate, Appellees rely on a number of cases holding that under Federal Rule of Civil Procedure 10(c), where documents incorporated into pleadings contradict conclusory allegations, the documents control. While this rule may exist, it cannot be reasonably interpreted to allow judicial fact finding on a motion to dismiss. Furthermore, it has no application here because Appellant's allegations were not conclusory. Indeed, while Appellant did incorporate letters sent by Chase incorrectly stating that the errors affecting her account had been corrected, she also alleged that these representations were incorrect, and incorporated other documents supporting her allegations. These allegations and supporting documentation, including the correspondence from Chase in July and August of 2014 threatening a second foreclosure, belie the district court's premature factual conclusion that Chase had corrected the problem in May of 2014.

5

Thus, even if Rule 10(c) allowed the district court to "derive facts" (and it doesn't), that would not resolve the issue before the Court. In order to justify the district's court's decision in this case Rule 10(c) would also have to permit the district court to resolve conflicts in the evidence when deciding a motion to dismiss. As discussed above *some* of the attachments in this case contained assertions from Chase that Appellant's account had been corrected. However, *other* attachments contradicted Chase's assertions and contained evidence demonstrating serious problems remained because Chase continued to fail to implement the loan modification. Therefore, in order to "derive" the "facts" necessary to decide the case in Chase's the district court necessarily disregarded the attachments supporting Appellant's position, and uncritically accepted those documents supporting Chase's view. But conflicts in the evidence must be resolved by the fact finder at trial, not "derived" conflicting representations contained in letters incorporated into the Amended Complaint.

It is well settled that, when considering a Rule 12(b)(6) motion, the district court must accept all facts alleged as true, and draw all inferences in the light most favorable to the non-moving party. *See E.g. Franklin v. Minnesota Mutual Life Ins. Co.,* 97 F. Supp. 2d 1324, 1326 (S.D. Fla. 2000) citing *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994). There is nothing in Rule 10(c) that even arguably changes this firmly established principal. Here, Appellant alleged that

6

Chase failed to implement her loan modification even after the foreclosure sale was rescinded. In support of these allegations, she incorporated correspondence from Chase dated nearly two months after the foreclosure was unwound insisting that Appellant had not paid her mortgage in five years, and threatening he with a new foreclosure. The district court was therefore required to accept Appellant's contention that Chase failed to implement her loan modification after the foreclosure was vacated as true.[4] Because the district court did not do that, the dismissal with prejudice should be reversed.

### (III.) EVEN IF APPELLANT'S ALLEGATIONS WERE CONCLUSORY, SHE STILL SHOULD HAVE BEEN ALLOWED TO AMEND IN ORDER TO CORRECT ANY DEFICIENCY

Appellees argument that the district court's premature fact finding was justified under Rule 10(c) because Appellant's allegations were "conclusory" would be self-defeating if accepted. While Appellant does not agree that her allegations were conclusory, even if they were, this is would be nothing more than a correctable pleading deficiency. As this Court has repeatedly held, "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, ... a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing ." *Ziemba v. Cascade Intern. Inc.*, 256 F.3d

---

[4] The July letter incorporated into Appellant's Notice of Error and Amended Complaint was offered only as one of several examples of continued collection activity and foreclosure threats that came after the prior foreclosure was rescinded.

7

1194, 1213 (11th Cir. 2001) citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991). Thus, even if this Court were to agree with Appellees that Appellant's allegations were conclusory and the district court was therefore free to "derive facts" from the attachments to the Amended Complaint, reversal would still be required in order to allow Appellant an opportunity to amend the complaint with "more carefully drafted" allegations that were *not* conclusory.

**(IV.) BECAUSE THE DISTRICT COURT DISMISSED THE OPERATIVE COMPLAINT WITH PREJUDICE, IT WOULD NOT HAVE BEEN APPROPRIATE FOR APPELLANT TO HAVE FILED A PROPOSED SECOND AMENDED COMPLAINT. NEVERTHELESS, APPELLANT'S RELEVANT MOTION CLEARLY DID ADVISE THE DISTRICT COURT OF THE SUBSTANCE APPELLANT'S PROPOSED AMENDMENTS**

Bayview and M and T cite this Court's decision in *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (Bayview and M and T's Appellee Brief, p. 32) in support of its argument that Appellant failed to "properly" request leave to amend, apparently because she did not attach a proposed amended pleading to her motion seeking leave. (Bayview and M and T's Appellee Brief, p. 32). However, *Long* hardly supports Appellees' position. In that case, the plaintiff never filed a motion seeking leave to amend, but simply made that request in her opposition to the defendant's motion to dismiss. In finding that the district court did not abuse its discretion in denying leave to amend, this Court found that the *Long* plaintiff's

"[f]ailure to properly request leave to amend, *when she had adequate opportunity and time to do so*, preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave." *Id.* at 1279-1280. (Emphasis added). Conversely, in the case at bar Appellant had no opportunity to amend her complaint in response to the district court's mistaken interpretation of the allegations concerning Chase's failure to implement the loan modification. The very first order addressing *any* iteration of the complaint dismissed it with prejudice and thereby expressly precluded amendment. Accordingly, it was entirely appropriate for Appellant to ask the district court to reconsider that ruling. Unless the district court modified the dismissal order to specify that it was without prejudice, the dismissal with prejudice would have precluded Appellant from properly seeking leave under Rule 15.

Furthermore, as discussed in *Long*, a proposed amended pleading is not necessarily required. A motion seeking leave to amend may be sufficient as long it "set[s] forth the substance of the proposed amendment." *Id.* at 1279 citing *Wisdom v. First Midwest Bank,* 167 F.3d 402, 409 (8th Cir.1999). Appellant's motion seeking both reconsideration and leave to amend (Docket Entry 45) does exactly that. That motion sets fourth eight specific factual findings and unwarranted inferences reflected in the district court's dismissal order that were inconsistent with Appellant's view of the case and that she had no intention to allege in her

9

Amended Complaint. (Docket Entry 45, pp.180-184). These factual findings and inferences were the basis of the dismissal order. Accordingly, Appellant's motion plainly did contain the substance of her proposed amended pleading, and demonstrated that it would not be subject to dismissal for the reasons cited by the district court in the order dismissing her prior complaint with prejudice. Appellees' assertion that Appellant's request was procedurally improper is undermined by the same authority that Appellees rely upon to advance that argument.

## **CONCLUSION**

For the reasons described above, Appellant Arelis Nunez respectfully requests that this Honorable Court reverse the dismissal with prejudice of her Amended Complaint.

Respectfully submitted,

**/s/Jeffrey N. Golant Esq.**
Jeffrey N. Golant
Fla. Bar No. 0707732
The Law Offices of Jeffrey N. Golant, P.A.
1999 N. University Drive Ste. 213
Coral Springs, FL 33071
Telephone:  (954) 942-5270
Facsimile:    (954) 942-5272
Email: jgolant@jeffreygolantlaw.com
Co-Counsel for Appellant Arelis Nunez

COMMUNITY LEGAL SERVICES
OF MID-FLORIDA

Kimberly Sanchez Esq.
Fla. Bar. No. 17465
122 East Colonial Drive, Ste. 124
Orlando, Florida 32801
Telephone:  (407) 841-7777
Co-Counsel for Appellant Arelis Nunez

# **CERTIFICATE OF COMPLIANCE**

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,354 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman.

                            **/s/Jeffrey N. Golant Esq.**
                            Jeffrey N. Golant
                            Fla. Bar No. 0707732
                            The Law Offices of Jeffrey N. Golant, P.A.
                            1999 N. University Drive Ste. 213
                            Coral Springs, FL 33071
                            Telephone:   (954) 942-5270
                            Facsimile:   (954) 942-5272
                            Email: jgolant@jeffreygolantlaw.com
                            Co-Counsel for Appellant Arelis Nunez

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below by notice of electronic filing generated by CM/ECF.

Elliot Burt Kula
William Aaron Daniel
**Kula & Associates, P.A.**
11900 Biscayne Blvd. Ste. 310
North Miami, FL 33181-2754
Telephone: (305) 354-3858
Facsimile: (305) 354-3822
elliot@kulalegal.com

Manuel Santiago Hiraldo
**Blank Rome LLP**
500 E. Broward Blvd. Ste. 2100
Fort Lauderdale, FL 33394
Telephone: (954) 512-1800
mhiraldo@blankrome.com

Albert D. Gibson
**Blank Rome, LLP**
1200 N. Federal Hwy. Ste. 312
Boca Raton, FL 33432
Telephone: (561) 417-8100
AGibson@BlankRome.com

John Charles Matthews
**Wargo & French, LLP**
201 S. Biscayne Blvd. Ste. 1000
Miami, FL 33131
Telephone: (305) 777-6000
jmatthews@wargofrench.com

**/s/Jeffrey N. Golant Esq.**
Jeffrey N. Golant
Fla. Bar No. 0707732
The Law Offices of Jeffrey N. Golant, P.A.
1999 N. University Drive Ste. 213
Coral Springs, FL 33071
Telephone:   (954) 942-5270
Facsimile:    (954) 942-5272
Email: jgolant@jeffreygolantlaw.com
Co-Counsel for Appellant Arelis Nunez